UNITED STATES of America, Plaintiff–Appellee,

v.

Bruce SMITH, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Roberta BLAIR, Defendant–Appellant.

Nos. 87–3020, 87–3025.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 1987.*

Submission Vacated Dec. 1, 1987.

Resubmitted Jan. 23, 1989.

Decided Jan. 23, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael G. Karnavas, Federal Public Defender, Anchorage, Alaska and William L. Choquette, Anchorage, Alaska, for defendants-appellants.

Mark R. Davis, Chief Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before NELSON,** NORRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Appellants Bruce Smith and Roberta Blair had an unpatented mining claim consisting of approximately twenty acres, located on lands open for mining in the 6,000,000 acre Chugach National Forest. It is possible to drive a two wheel drive vehicle to within a short walking distance of the claim. The appellants obtained the claim in the winter of 1983–84 and recorded it on May 22, 1984. On several occasions in May and June of 1984, personnel from the United States Forest Service visited the claim, observed the activities conducted there by the appellants, and had several discussions with the appellants and their colleagues. In the opinion of the Forest Service personnel, the appellants were using sound mining and environmental practices in working their claim.

The Forest Service personnel also believed, however, that the appellants' activities were significant enough to require the appellants to file a Plan of Operations with the Forest Service pursuant to 36 C.F.R. § 228.4 (1984) (unless otherwise noted, all citations in this opinion refer to the 1984 version of the Code of Federal Regulations). On several occasions the Forest Service personnel apprised the appellants of the Forest Service Plan of Operations filing requirement. On or about June 22, 1984, the District Ranger showed the appel-

---

** Dorothy W. Nelson, United States Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, was drawn to replace Judge Anderson, who was on the original panel but died before this opinion was filed.

lants a letter of noncompliance addressed to Blair and Elizabeth Smith (who is not a party to this appeal). The appellants never filed a Plan of Operations.

On July 13, 1984, the government filed an information charging the appellants with residing and working on the claim "without having sought, filed for or having obtained a permit (Plan of Operations) from the United Forest Service." The appellants do not dispute that they had resided and conducted certain mining-related activities on the claim without filing a Plan of Operations. After a bench trial before a magistrate, judgments of conviction were entered against the appellants. Smith received a sentence of ten days' imprisonment, and Blair received a sentence of three days' imprisonment and a $250 fine.

The appellants appealed their convictions to the district court, which affirmed by order dated March 9, 1987. The appellants now seek reversal of the district court order, asserting a number of grounds. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 & 1631, and we reverse.

## I

Appellants argue that the Paperwork Reduction Act of 1980 ("PRA") prohibits their prosecutions because the Plan of Operations filing requirement lacks a current control number, and appear to raise an issue of first impression in this circuit. The PRA was enacted "to reduce and minimize the burden Government paperwork imposes on the public." S.Rep. No. 930, 96th Cong., 2d Sess. 2 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 6241, 6242. The PRA requires all agencies to submit all "information collection requests" to the Director (the "Director") of the Office of Management and Budget ("OMB") for review and approval. *See* 44 U.S.C. § 3507. If the Director approves the information collection request he must ensure that it contains a control number. *See* 44 U.S.C. § 3504. An agency "shall not conduct or sponsor the collection of information unless" the information collection request has been submitted to and approved by the Director, *see* 44 U.S.C.

§ 3507(a), and "shall not engage in a collection of information without obtaining from the Director a control number to be displayed upon the information collection request," *see* 44 U.S.C. § 3507(f). "Information collection requests which do not display a current control number or, if not, indicate why not are to be considered 'bootleg' requests and [under PRA section 3512] may be ignored by the public." S.Rep. No. 96–930 at 52, *reprinted in* 1980 U.S.Code Cong. & Admin.News 6292; *see* 44 U.S.C. § 3512 (penalties may not be imposed for noncompliance with information collection requests that do not display a current control number).

### A

■ The magistrate rejected appellants' PRA defense, holding that because the defendants "did not rely upon the Paperwork Reduction Act" in refusing to submit a Plan of Operations, they "should not be permitted to rely upon that defense." The district court "concur[red] in and adopt[ed] by reference the Magistrate's disposition of this issue." The magistrate cited no authority for this proposition, and the government does not argue that appellants' ignorance of the PRA frees the government from its requirements. We reverse the magistrate on this ground; just as ignorance of the law is not an excuse for violating it, knowledge and reliance is not a prerequisite for asserting an affirmative defense to a criminal prosecution. *See, e.g.*, 1 C. Torcia, Wharton's Criminal Law § 77 (14th ed. 1978); 1 W. LaFave & A. Scott, Substantive Criminal Law § 5.1(d) (1986).

### B

The district court also held, and the government argues, that the appellants "have not preserved this issue for appeal," citing Federal Rule of Criminal Procedure 12(b), (f). Rule 12(b) provides that "defenses, objections, and requests" based on "defects in the institution of the prosecution" or on "defects in the indictment or information" may be raised only by motion before

trial. Fed.R.Crim.P. 12(b)(1), (2).[1] Rule 12(f) then provides that a party's failure to raise such defenses, objections, or requests by the motion date "shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." Fed.R. Crim.P. 12(f).

▉ Appellants' PRA contention is waived if subject to Rule 12(f). The magistrate had set November 5, 1984 as the motion date. Appellants first raised the PRA issue on January 28, 1986. Rule 12(f) does not, however, apply to appellants' PRA defense. The defenses for which pretrial assertion is mandatory relate to procedural defects in obtaining the charge and to defects in the information that go to matters of form rather than substance that usually are apparent on the face of the pleading. In contrast, the PRA bar of prosecution is in the nature of an affirmative defense, *see Navel Orange Admin. Comm. v. Exeter Orange Co.,* 722 F.2d 449, 453–54 (9th Cir.1983), that "is capable of determination without the trial of the general issue," Fed.R.Crim.P. 12(b). As such, it is a defense that "may be raised before trial by motion" but is not waived pursuant to Rule 12(f) if not brought before trial.[2]

In reaching this conclusion, we first note that Rule 12 creates three categories of defenses, objections, and requests that "may" be raised before trial: (1) the failure of the indictment or information to show subject matter jurisdiction or to state an offense ("jurisdictional defenses"); (2) the five matters enumerated in Rule 12(b) ("mandatory pretrial matters"), including defenses "based on defects in the institution of the prosecution" and defenses "based on defects in the indictment or information"; and (3) all other matters that are "capable of determination without the trial of the general issue" ("permissive pretrial matters").

▉ Rule 12(b)(2) specifically provides that the jurisdictional defenses "shall be noticed by the court at any time during the pendency of the proceedings." These are the most durable defenses, and may be raised for the first time on appeal. Rule 12(f) provides that matters "which must be made prior to trial" are waived if not raised prior to the motion date. The matters that "must be made prior to trial" under Rule 12(f) are the mandatory pretrial matters described in the five paragraphs of Rule 12(b). Finally, Rule 12 says nothing about the time for asserting permissive pretrial matters, which are "capable of determination without the trial of the general issue." These matters are subject to the general rule that points not raised at trial are waived (with certain exceptions).[3] *See, e.g.,*

---

**1.** Criminal Rule 12(b) provides in pertinent part:

 Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:

 (1) Defenses and objections based on defects in the institution of the prosecution; or

 (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)....

Fed.R.Crim.P. 12(b)(1), (2).

**2.** *Navel Orange,* cited by the magistrate in support of his reliance proposition, is not to the contrary. In *Navel Orange* we rejected a PRA defense on two grounds. First, we stated that a

defendant could not raise affirmative defenses *on appeal* that have not been "finally determined" at the trial level (there, an administrative proceeding). 722 F.2d at 453–54. Second, we noted that the government sought relief only for periods during which it was in compliance with the PRA. *Id.* at 454. Neither of those rationales is pertinent in this case. Appellants raised the PRA issue no later than trial, and the government does not contend that the Forest Service is in compliance with the PRA with respect to the regulations at issue.

**3.** We also note that the Advisory Committee Notes on Rule 12(b)(1), (2) indicate that certain matters that "may" be raised by motion prior to trial need not be raised at that time. The Notes provide:

 These two paragraphs classify into two groups all objections and defenses to be interposed by motion prescribed by Rule 12(a). In one group are defenses and objections which must be raised by motion, failure to do so constituting a waiver. In the other group are

*United States v. Brimberry,* 744 F.2d 580, 586–87 (7th Cir.1984) (immunity, a matter that "may" be raised before trial, is properly raised by motion; time for making motion is unclear, but court adopts commentators' view that these defenses may be raised at trial); *see also Davis v. United States,* 411 U.S. 233, 239–42, 93 S.Ct. 1577, 1581–83, 36 L.Ed.2d 216 (1973) (Rule 12 does not apply to bar defenses initially raised in habeas proceeding but not enumerated by Rule 12(b)) (discussing *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) (defense based on fourth amendment exclusionary rule; applying older version of Rule 12 not requiring pretrial motion with respect to suppression of evidence)).

 The appellants raised the PRA defense after the motion date but no later than at trial. Jurisdictional defenses and permissive pretrial matters are timely if asserted at or before trial. Therefore, appellants' PRA defense was waived pursuant to Rule 12(f) only if it is a mandatory pretrial matter described by Rule 12(b)(1) or (2).[4]

The cases provide little guidance in formulating a general definition of Rule 12(b)(1) "defects in the institution of the prosecution" or of Rule 12(b)(2) "defects in the indictment or information."[5] We observe, however, that courts have addressed under Rule 12(b)(2) such defenses as misnomer, duplicity or multiplicity, misjoinder, indefiniteness, partial insufficiency, surplusage, and other defects in the indictment or information that go to matters of form rather than substance. These cases have established criteria for evaluating challenged indictments:

> These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and suf-

---

defenses and objections which at the defendant's option may be raised by motion, failure to do so, however, not constituting a waiver. (Cf. Rule 12 of Federal Rules of Civil Procedure.)

In the first of these groups are included all defenses and objections that are based on defects in the institution of the prosecution or in the indictment and information, other than lack of jurisdiction or failure to charge an offense. All such defenses and objections must be included in a single motion. (Cf. Rule 12(g) of Federal Rules of Civil Procedure.) Among the defenses and objections in this group are the following: Illegal selection or organization of the grand jury, disqualification of individual grand jurors, presence of unauthorized persons in the grand jury room, other irregularities in grand jury proceedings, defects in indictment or information other than lack of jurisdiction or failure to state an offense, etc. The provision that these defenses and objections are waived if not raised by motion substantially continues existing law, as they are waived at present unless raised before trial by plea in abatement, demurrer, motion to quash, etc.

In the other group of objections and defenses, which the defendant at his option may raise by motion before trial, are included all defenses and objections which are capable of determination without trial of the general issue. They include such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, lack of jurisdiction, failure of indictment or information to state an offense, etc. Such matters have been heretofore raised by demurrers, special pleas in bar and motions to quash.

**4.** The matters enumerated in Rule 12(b)(3)–(5) are not relevant to this appeal. They define as mandatory pretrial matters motions to suppress evidence, Rule 16 discovery requests, and Rule 14 requests for severance of charges or defendants.

**5.** Courts have neglected to provide general definitions for these terms for a variety of reasons. First, Rule 12 motions often arise in contexts that do not require close analysis of whether the matter raised falls within the rule. For example, courts cite Rule 12 in habeas corpus cases to support the conclusion that defenses presented for the first time on collateral attack are waived. Second, Rule 12 motions usually involve one of a relatively small group of recurring defenses, such as personal jurisdiction, with which courts are familiar. Third, in much of the litigation over defenses "capable of determination without the trial of the general issue," the government is opposing an indisputably timely motion on the ground that the asserted defense raises questions of fact that can only be determined at trial. Most defenses, such as self-defense, insanity, and entrapment, require factual determinations that the jury should make, rendering pretrial disposition inappropriate. *See, e.g., United States v. Snyder,* 428 F.2d 520, 521 (9th Cir.) ("A motion to dismiss is not the proper way to raise a [factual] defense."), *cert. denied,* 400 U.S. 903, 91 S.Ct. 139, 27 L.Ed. 2d 139 (1970). In these cases, the question is not whether the defense *must* be raised prior to trial, but whether it *may* be raised prior to trial.

ficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

*Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962) (citations omitted), *quoted in United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir.1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). These criteria indicate that indictments must provide the defendant with notice of the charge and of possible double jeopardy defenses. Other than the jurisdictional defenses, Rule 12(b)(2) encompasses technical defects in the indictment or information. Accordingly, Rule 12(b)(2) does not require pretrial assertion of affirmative defenses such as the PRA, and the government does not seriously argue to the contrary.

The government's principal argument is that the PRA defense amounts to a Rule 12(b)(1) assertion of "defects in the institution of the prosecution." This category includes such defenses as prosecutorial misconduct, improper grand jury procedures, and noncompliance with the Federal Rules of Criminal Procedure. Some cases have said, not very helpfully, that a defense raises a Rule 12(b)(1) matter when it "brings into question the institution of the prosecution." *United States v. Jarrett*, 705 F.2d 198, 205 (7th Cir.1983), *cert. denied*, 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed. 2d 228 (1984), *quoted in United States v. Dion*, 762 F.2d 674, 680 (8th Cir.1985), *rev'd in part*, 476 U.S. 734, 106 S.Ct. 2216, 90 L.Ed.2d 767 (1986). As these cases indicate, Rule 12(b)(1) motions are designed principally as vehicles to challenge the decision to prosecute and prosecutorial irregularity in obtaining the indictment.

■ The word "institution" is the key to a proper understanding of Rule 12(b)(1). Any legal matter that prevents the prosecution from securing a conviction could be construed as a "defect" in the prosecution. "Institution" is the key word that prevents Rule 12(b)(1) from having an unlimited reach. The focus on the "institution" of the prosecution limits the Rule to cover the prosecutorial decision to commence the prosecution and the procedures followed in doing so.

The purposes undergirding Rule 12 waiver also lend support to this understanding of Rule 12(b)(1). One of those purposes, conservation of judicial resources by facilitating the disposition of cases without trial, *see, e.g., United States v. Griffin*, 765 F.2d 677, 681 (7th Cir.1985), *United States v. Jones*, 542 F.2d 661, 664–65 (6th Cir.1976), is served by many procedural rules.

The Supreme Court has, however, identified a purpose more specific to Rule 12 waiver:

The waiver provisions of Rule 12(b)(2) are operative only with respect to claims of defects in the institution of criminal proceedings. If its time limits are followed, inquiry into an alleged defect may be concluded and, if necessary, cured before the court, the witnesses, and the parties have gone to the burden and expense of a trial. If defendants were allowed to flout its time limitations, on the other hand, there would be little incentive to comply with its terms when a successful attack might simply result in a new indictment prior to trial. Strong tactical considerations would militate in favor of delaying the raising of the claim in hopes of acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction at a time when reprosecution might well be difficult.

*Davis*, 411 U.S. at 241, 93 S.Ct. at 1582, *quoted in Francis v. Henderson*, 425 U.S. 536, 540, 96 S.Ct. 1708, 1710, 48 L.Ed.2d 149 (1976). Along these lines, one commentator has analyzed the Rule 12(b)(1), (2) defenses, reasoning that:

[they] are understood to include defenses concerning selection and composition of the grand jury, the procedures of the grand jury, jurisdiction over the person of the defendant, selection of the petty jury, and the form of the indictment or information including claims that the charging paper is duplicitous or multiplic-

itous.... It is also important to observe that the [ ] rule 12(b) defenses [enumerated in clauses (1)–(5)] are all "curable" within the meaning of *Blackledge* [*v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974)]: if raised and corrected before trial, each would leave the way open to the state to obtain a valid conviction at trial.

Westen, *Away From Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure*, 75 Mich.L.Rev. 1214, 1241 (1977) (footnotes omitted) (emphasis in original).

In other words, Rule 12(b)(1) defenses generally involve defects in the procedures leading up to the indictment, because this type of defect can be cured by the prosecutor prior to trial. "Rule 12 [merely] makes explicit the application of the 'harmless error' rule to indictments by providing that objections to technical defects in the institution of a prosecution, including those in the indictment, are waived unless raised, by a motion to dismiss before trial." Note, *Indictment Sufficiency*, 70 Colum.L.Rev. 876, 883 (1970); *cf.* 1 C. Wright, Federal Practice and Procedure § 193 (2d ed. 1982) (venue is not jurisdictional and is waived if not raised before trial, but only if impropriety of venue is apparent on the face of the indictment).

Unlike defenses based on procedural or formal defects, affirmative defenses, such as appellants' PRA defense, may not be cured by prosecutorial action. They continue to operate as defenses regardless of the regularity of the prosecutor's conduct or of the indictment. Thus, the Advisory Committee Notes provide that "the defendant *at his option may* raise by motion before trial" "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, [and] immunity." *See* note 3 *supra* (emphasis supplied). These matters are in the nature of affirmative defenses, as is appellants' PRA defense. We see no reason to distinguish the PRA defense, and conclude that the PRA defense is a permissive pretrial matter that the defendant

may, but need not, raise by motion before trial. *See United States v. Hahn*, 381 F.Supp. 1311, 1313 (E.D.Mich.1974). It follows that appellants did not waive the defense by failing to assert it prior to the motion date but before the conclusion of their trial.

C

The Alaska Placer Mining Application form, which the Forest Service would have accepted as appellants' Plan of Operations, amounts to an information collection request that does not bear a current control number and therefore does not satisfy the PRA. Nevertheless, appellants were prosecuted for a failure to file a Plan of Operations pursuant to a Forest Service regulation, not a failure to file the Placer Mining Application. Accordingly, we first consider whether the Forest Service regulation requiring appellants to file the Plan of Operations is itself an information collection request within the meaning of the PRA. If our answer to that inquiry is affirmative, we will then consider whether the PRA prohibits the judgments of conviction entered against the appellants.

■ The PRA includes within the definition of "information collection request" a "reporting ... requirement, collection of information requirement, or other similar method calling for the collection of information," *see* 44 U.S.C. § 3502(11). The PRA further defines "[c]ollection of information" as:

> the obtaining or soliciting of facts or opinions by an agency through the use of written report forms, application forms, schedules, questionnaires, reporting or recordkeeping requirements, or other similar methods calling for ...
>
> > answers to identical questions posed to, or identical reporting or recordkeeping requirements imposed on, ten or more persons....

44 U.S.C. § 3502(4). This definition encompasses agency regulations that require disclosure of information to the government

and that call for the disclosure or reporting of information through answers to standardized (identical) questions. The relevant Forest Service Regulations meet this description and are therefore information collection requests within the meaning of the PRA.

The Plan of Operations filing requirement is an information collection request that lacks a current control number. Consequently, PRA section 3512 by its terms prohibits the imposition of "any penalty" against the appellants, including criminal convictions, for their failure to comply with the Plan of Operations filing requirement.[6] The statute explicitly and unambiguously provides that all information collection requests must display a current control number, or penalties for noncompliance may not be imposed.[7] 44 U.S.C. § 3512.

PRA section 3512 applies to the Plan of Operations filing requirement. Neither the Alaska Placer Mining Application nor the regulations contained 36 C.F.R. part 228 display a current control number. Consequently, the PRA prohibits the imposition of "any penalty" on the appellants for failing to file a Plan of Operations, including the appellants' convictions for failing to file under part 228. The information also charged appellants with failing to file a Plan of Operations "as required by ... 36 C.F.R. § 261.10(b), (c)." These charges also allege a failure to file a Plan of Operations pursuant to regulations that do not bear a current control number and are also prohibited by the PRA.[8]

**6.** PRA section 3512 provides in full:

Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter.

44 U.S.C. § 3512.

**7.** OMB has promulgated regulations relating to the PRA. *See generally* 5 C.F.R. part 1320. These regulations may to some extent be inconsistent with 44 U.S.C. § 3512. *See* 5 C.F.R. § 1320.5. No party has referred to the OMB regulations at any point in the proceedings. Ac-

II

Because our decision relies solely on the PRA ground, we need not reach any of the appellants' other arguments.

REVERSED.

**Richard LYNG,\* Secretary of the United States Department of Agriculture; R.**

cordingly, we find that the parties have waived any and all arguments based on the regulations for purposes of these prosecutions.

**8.** Such cases as *United States v. Particle Data, Inc.,* 634 F.Supp. 272 (N.D.Ill.1986), *Snyder v. IRS,* 596 F.Supp. 240 (N.D.Ind.1984), and *Cameron v. IRS,* 593 F.Supp. 1540 (N.D.Ind.1984), *aff'd* 773 F.2d 126 (7th Cir.1985) (resting on the district court opinion), are inapposite. They rejected PRA defenses based on the lack of a current control number on certain IRS forms. The decisions in these cases were based on conclusory reasoning or provisions of the PRA not raised here. Whatever the merits of those cases, they are not relevant to our examination of the Forest Service regulations at issue here.

