**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard K. HATCH,
Defendant–Appellant.**

No. 89–10233.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 1990.

Decided Nov. 29, 1990.

Joseph M. Foley, Joseph and Daniel Foley Associates, Las Vegas, Nev., for defendant-appellant.

David S. Moynihan, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before ALARCON and POOLE, Circuit Judges, and HATTER, District Judge.*

POOLE, Circuit Judge:

Richard K. Hatch, a miner, appeals his conviction for constructing a road on National Forest Service land without authorization or an approved operations plan, in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.10(a). He argues that the court erred in failing to grant his motion, first made after conviction but before sentencing, that the information failed to charge an offense because the Forest Service had not been in compliance with the Paperwork Reduction Act when it required Hatch to file an operations plan.

## FACTS AND PROCEEDINGS

Richard Hatch, a 77-year-old miner, has operated his quarry in the Mt. Moriah division of the Humboldt National Forest since 1953. As a miner on Forest System land he was required by 36 C.F.R. § 261.10(a) to file for and obtain a special-use authorization, contract or approved operating plan prior to building a road or otherwise significantly disturbing the surface of the land. Hatch failed to file an operating plan that met Forest Service requirements for protecting surface resources.

On October 8, 1987, and May 24, 1988, informations were filed in United States District Court charging that Hatch unlawfully and knowingly constructed a road without authorization and without an approved operating plan. The two cases were consolidated in September, 1988. Trial to the court commenced on September 26, 1988. In an order filed December 19, 1988, the court found Hatch guilty of the offense charged in the May 24, 1988, information and not guilty of the offense charged in the October 8, 1987, information. Sentencing was set for Thursday, March 2, 1989, and later continued to Tuesday, March 7.

On February 28, 1989, Hatch filed a Motion to Dismiss the Information under Fed. R.Crim.P. 12(b)(2) and, in the alternative, a Motion to Arrest Judgment under Fed.R. Crim.P. 34 and a Motion for Judgment of Acquittal. He alleged that the prosecutor had failed to charge an offense because the government had not complied with the Paperwork Reduction Act of 1980. He stated, and the government conceded, that neither the Notice of Intent to Operate, the Operating Plan forms given to Hatch, nor

---

\* The Honorable Terry J. Hatter, Jr., United States District Judge for the Central District of California, sitting by designation.

the Forest Service regulations, 36 C.F.R. § 228 et seq. and 36 C.F.R. § 261 et seq., displayed an Office of Management and Budget control number as required by 44 U.S.C. § 3507(f). On the ground that Hatch had raised this objection too late, the district court denied the motion to dismiss under Rule 12,[1] sentenced the defendant, and entered judgment. Hatch timely appealed.

## DISCUSSION

This case presents a question of law which we review *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Hatch maintains that the district court erred in denying his post-conviction motion to dismiss the information for failure to charge an offense under Federal Rule of Criminal Procedure 12. He relies on *United States v. Smith*, 866 F.2d 1092 (9th Cir.1989), where this court held that a Forest Service request for a plan of operations pursuant to 36 C.F.R. § 228.4 is an information collection request subject to the Paperwork Reduction Act of 1980, 44 U.S.C. §§ 3501–3520 ("PRA"). 866 F.2d at 1099. The purposes of the PRA include minimizing the federal paperwork burden on individuals, minimizing the cost to the federal government of collecting and using information, and maximizing the usefulness of information collected. 44 U.S.C. § 3501. To these ends, the PRA mandates that an agency shall obtain approval from the Director of the Office of Management and Budget before making an information collection request. 44 U.S.C. § 3507(a). "An agency shall not engage in a collection of information without obtaining from the Director a control number to be displayed upon the information collection request." 44 U.S.C. § 3507(f). In its "Public protection" provision, the Act provides that

> [n]otwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide

information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter.

44 U.S.C. § 3512.

In denying Hatch's motion, the district court observed that had Hatch raised this argument at trial, he would have prevailed. The court found, however, that *Smith* had held that a PRA defense is a permissive pretrial defense which may be raised either before trial or at trial.

In *Smith*, two miners were charged with failing to seek, file for or obtain a Plan of Operations from the Forest Service pursuant to 36 C.F.R. § 228.4 (1984). 866 F.2d at 1093. A magistrate convicted the miners, and on appeal the district court affirmed, holding that they had " 'not preserved this issue for appeal' " and citing Federal Rule of Criminal Procedure 12(b), (f). *Id.* at 1094. Although the exact dates are not clear, it appears that the miners first raised the PRA issue long after the magistrate's pretrial motion date, but before he entered the judgment of conviction against them. *Id.* at 1094–95.

On appeal from the district court, this court held that "the PRA bar of prosecution is in the nature of an affirmative defense.... As such, it is a defense that 'may be raised before trial by motion' but is not waived pursuant to Rule 12(f) if not brought before trial." *Id.* at 1095 (quoting Fed.R.Crim.P. 12(b)). The court listed the three categories of defenses, objections and requests created by Rule 12:

> (1) the failure of the indictment or information to show subject matter jurisdiction or to state an offense ("jurisdictional defenses"); (2) the five matters enumerated in Rule 12(b) ("mandatory pretrial matters"), including defenses "based on defects in the institution of the prosecution" and defenses "based on defects in the indictment or information"; and (3)

---

1. The judge also denied the motions under Fed. R.Crim.P. 34 and Fed.R.Crim.P. 29(c) because they were not made within seven days of the

finding of guilty. Hatch does not appeal this determination.

all other matters that are "capable of determination without the trial of the general issue" ("permissive pretrial matters").

*Id.* at 1095.

After analyzing the types of defenses listed in 12(b)(1) and (2), the court concluded that the PRA defense "is a permissive pretrial matter that the defendant may, but need not, raise by motion before trial." *Id.* at 1098. It likened the PRA defense to former jeopardy, former conviction, statute of limitations and immunity, all "in the nature of affirmative defenses," and all permissibly raised either before trial or at trial. *Id.* *See also United States v. De-Tar,* 832 F.2d 1110, 1114 (9th Cir.1987) (affirmative defense of statute of limitations is waived unless raised before or at trial).

Because the defendants in *Smith* had raised the defense before the end of their trial, the court did not need to explain why it concluded that the PRA defense is a "permissive pretrial matter" rather than a "jurisdictional matter." Since the court needed only to decide that the PRA defense is not a mandatory pretrial matter, its choice between the remaining two categories is unnecessary to its holding and hence dictum. We, however, are squarely confronted with this choice.

Federal Rule of Criminal Procedure 12(b)(2) states that defenses and objections based on the defect that the information fails to "charge an offense ... shall be noticed by the court at any time during the pendency of the proceedings." Hatch argues that such a defect exists here. He points to *Hotch v. United States,* 14 Alaska 574, 208 F.2d 244 (9th Cir.1953), *further rehearing denied,* 14 Alaska 594, 212 F.2d 280 (1954).

*Hotch* involved a commercial fisherman in Alaska who was convicted of taking salmon for food in violation of a Department of the Interior regulatory extension of statutory closing hours. This Circuit initially affirmed. 208 F.2d at 248. In a petition for rehearing, however, the fisherman raised for the first time the contention that because there was no published regu-

lation prohibiting fishing when he did, the complaint did not charge an offense. *Id.* at 250. The court agreed, and, citing Federal Rule of Criminal Procedure 12(b)(2) as the basis for considering the argument at this late time, reversed the judgment of the district court and remanded for dismissal. *Id.* Upon further rehearing the court explained that

> [t]he Congressional directive in regard to the procedure to be followed in the issuance of agency regulations must be strictly complied with, since the issuance of regulations is in effect an exercise of delegated legislative power.... Unless the prescribed procedures are complied with, the agency (or administrative) rule has not been legally issued, and consequently it is ineffective.

212 F.2d at 282–83.

■ Hatch argues that the same situation exists here, namely that no offense was charged because 44 U.S.C. § 3507(f) was not complied with in making the information request of him. He also points to 44 U.S.C. § 3512 which provides that "no person shall be subject to any penalty for failing to ... provide information" if there is no current control number on the request. The Senate Report analysis of § 3512 states that

> [i]nformation collection requests which do not display a current control number or, if not, indicate why not are to be considered 'bootleg' requests and may be ignored by the public.... These are the only circumstances under which a person may justify the failure to maintain information for or provide information to any agency otherwise required, by reliance on this Act.

S.Rep. No. 930, 96th Cong., 2d Sess. 52, *reprinted in* 1980 U.S.Code Cong. & Admin.News 6241, 6292.

*See also* 5 C.F.R. § 1320.5(c) ("Whenever a member of the public is protected from imposition of a penalty under this section for failure to comply with a collection of information, such penalty may not be imposed by an agency directly, by an agency through judicial process, or by any other

person through judicial or administrative process.'').

■ Given the clear language of §§ 3507(f) and 3512, Hatch's argument has merit. Since the Forest Service did not comply with the PRA and since therefore Hatch cannot be subject to any penalty, the information failed to charge an offense. Since failure to charge an offense can be raised "at any time during the pendency of the proceedings," Fed.R.Crim.P. 12(b)(2), Hatch did not raise this defense too late.

REVERSED.