972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter J. FARLEY, Defendant-Appellant.
 No. 91-55801.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Aug. 26, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States brought a civil action for ejectment, damages, and an injunction against Walter J. Farley and other named defendants.[1] Under the pretext of a 1979 mineral patent, Farley and other individuals occupied approximately twenty acres of land in the federally owned San Bernardino National Forest. The district court concluded: (1) Farley was in noncompliance with his plan of operation for the mining claim in the National Forest; (2) the Forest Service had issued a final administrative decision requiring Farley to vacate the land, remove all structures and personal property, and remedy the surface resource damage; (3) Farley trespassed on twenty acres of land owned by the United States by failing to vacate the National Forest property and by continuing to operate the "putative" mining claim after the Forest Service issued its decision; (4) the National Forest property had been damaged by Farley; (5) Farley must pay the United States $23,000 to restore the National Forest to its original state and $1,050 as the fair rental value from 1990 to May 14, 1991, the date judgment was entered; and (6) Farley was enjoined from occupying or utilizing the National Forest property under the pretext of the unpatented mining claim. Farley appeals from the district court's judgment arguing the Paperwork Reduction Act ("PRA"), 44 U.S.C. §§ 3501-3520 (1988), "affects the judgment." We affirm.
 
 
 3
 * We accept the district court's findings of fact unless they are clearly erroneous. United States v. Gila Valley Irrigation Dist., 961 F.2d 1432, 1434 (9th Cir.1992). The district court's decisions on questions of law are reviewed de novo. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.1992).
 
 
 4
 In the district court, Farley did not contest his occupancy of the property or his creation of the conditions on the property. At trial, Farley primarily relied on his theory that the United States did not have legal title to the property on which his mining claim was located, therefore he did not trespass on the land and the United States had no power to eject him. The district court found the United States had met its burden of proving that title to the contested property was vested in the United States. Farley does not contest the district court's finding and appears to have abandoned this argument altogether. Farley likewise does not contest any finding or legal conclusion enunciated by the district court in its Findings of Fact and Conclusions of Law. Because Farley does not challenge the district court's conclusions and has waived any objection to these holdings, see United States v. Carbajal, 956 F.2d 924, 930 n. 2 (9th Cir.1992) (issue not raised on appeal is waived); Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) ("Arguments not addressed in a brief are deemed abandoned"), we uphold the district court's findings and conclusions.
 
 II
 
 5
 On appeal, Farley's sole argument is that the PRA mandates reversal of the district court's judgment because he is "entitled to the defenses" set forth in the "Public Protection" provision, 44 U.S.C. § 3512. The United States argues we must refuse to consider the issue because it was not raised in the district court. We decline to consider the issue for several reasons. First, because the PRA is an "affirmative defense," Responding Brief at 8:22-23; Navel Orange Admin. Comm. v. Exeter Orange Co., Inc., 722 F.2d 449, 453-54 (9th Cir.1983), that was not included in any pleading or document submitted to the district court by Farley, the defense is waived and we will not consider it for the first time on appeal.[2] See Fed.R.Civ.P. 8(c) (party must plead any "matter constituting an avoidance or affirmative defense"); Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991) ("we will not consider an issue raised for the first time on appeal").
 
 
 6
 Second, contrary to Farley's assertion, the district court was not required to consider the PRA defense solely because Farley made a two sentence comment to the court regarding the failure of the United States to include the "budget reduction number on the bottom of any of the things they sent." This comment alone does not apprise the district court that the PRA is applicable to the issues it must decide. Because Farley failed to affirmatively present the PRA issue to the district court for decision, see Pretrial Conference Order at 3-4 (the issues stipulated by Farley to be presented and decided at trial did not include the PRA defense), there was no error.
 
 
 7
 Third, Farley did not present any evidence in the district court on the PRA defense, thus the district court made no findings of fact relevant to the issue. At this juncture, we do not even know which government agency involved in the Farley dispute allegedly failed to comply with the PRA, which documents are at issue, or whether the documents actually failed to include the control numbers Farley argues they were required to display. We cannot take as truth Farley's unsupported generalizations of fact and consider the issue on appeal. We have no framework within which to evaluate this defense.
 
 
 8
 Finally, even if we were to consider the issue, the holding of the district court would remain unaffected. Farley argues he was "subject to a[ ] penalty," 44 U.S.C. § 3512, because his mining claim was extinguished. The district court found the Forest Service had issued a final administrative decision which revoked Farley's authority to mine in the National Forest. It was the Forest Service's administrative action that terminated Farley's mining rights. The case before us merely builds on the administrative action to provide the United States with authority to eject Farley because he has no legal right to occupy the National Forest lands. Thus, even if we were to assume termination of Farley's mining rights was a "penalty," as described in 44 U.S.C. § 3512, Farley failed to exhaust his administrative remedies regarding his PRA claim. We are without power to review the PRA defense because it was not raised and adjudicated in the administrative process. Navel Orange, 722 F.2d at 453-43.
 
 III
 
 9
 Because Farley does not challenge the district court's legal and factual conclusions, and because Farley's PRA defense does not affect the district court's holdings, the decision of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Farley was the only defendant to answer and appear on the complaint. The United States obtained a default judgment against the remaining defendants
 
 
 [2]
 In this circuit, a party can raise the PRA as a defense " 'at anytime during the pendency of the proceedings,' " United States v. Hatch, 919 F.2d 1394, 1397-98 (9th Cir.1990) (quoting Fed.R.Crim.P. 12(b)(2)), if the PRA defense would invalidate a charged criminal offense. This exception is inapplicable to the case before us because the action is civil and no criminal offense is at issue