27 F.3d 568
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard G. GAUMER, Defendant-Appellant.
 No. 93-4155.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1994.
 
 Before: MILBURN and NELSON, Circuit Judges; and COOK, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Richard G. Gaumer appeals, pro se, his convictions following his pleas of nolo contendere to three counts of willfully failing to file an income tax return in violation of 26 U.S.C. Sec. 7203. On appeal, the issues are (1) whether the district court erred in failing to dismiss the information filed by the government due to a violation of the Speedy Trial Act; (2) whether sufficient evidence exists to support his convictions for willfully failing to file an income tax return; (3) whether the information filed against defendant failed to charge an offense; (4) whether the trial court erred in finding defendant guilty because the trial court made findings negating the willfulness of his failure to file his income tax returns; and (5) whether the provisions of the Paperwork Reduction Act, 44 U.S.C. Sec. 3512, deprived the trial court of jurisdiction over the charges against defendant. For the reasons that follow, we affirm.
 
 I.
 
 2
 On October 26, 1990, the United States Attorney for the Northern District of Ohio filed an information charging defendant with three counts of willfully failing to file an income tax return in violation of 26 U.S.C. Sec. 7203. Count 1 of the information charged that defendant had received gross income of $123,220.00 for calendar year 1983, and that he willfully failed to file an income tax return with the Internal Revenue Service for calendar year 1983 on or before April 15, 1984, as he was required to do by law. Count 2 of the information charged that defendant received gross income of $133,703.00 for calendar year 1984, and that he willfully failed to file an income tax return with the Internal Revenue Service for calendar year 1984 on or before April 15, 1985, as he was required to do by law. Count 3 of the information charged that defendant received gross income of approximately $157,662 for calendar year 1985, and that he willfully failed to file an income tax return with the Internal Revenue Service for calendar year 1985 on or before April 15, 1986, as he was required to do by law. Defendant was arraigned on November 14, 1990, and pled not guilty to the charges in the information.[1]
 
 
 3
 A superseding information was filed by the United States Attorney on July 24, 1991. The superseding information was virtually identical to the original information except that it stated different amounts of gross income for calendar years 1983, 1984, and 1985 than did the original information. Defendant entered pleas of not guilty to the charges in the superseding information on August 2, 1991.
 
 
 4
 A jury trial on the charges in the superseding information commenced on September 24, 1991. The jury began its deliberations on September 25, 1991, and that same day, the jury found defendant guilty of all of the charges in the superseding information.
 
 
 5
 On December 11, 1991, the district court sentenced defendant to sentences of ten months' imprisonment each on counts 1, 2, and 3 of the superseding information with the sentences to be served concurrently. Defendant timely appealed to this court. In United States v. Gaumer, 972 F.2d 723 (6th Cir.1992) (per curiam), this court vacated defendant's convictions and remanded the case for a new trial, finding that the district court had improperly excluded some of the exhibits proffered by defendant at trial.
 
 
 6
 Following this court's remand, defendant retained counsel. A second jury trial commenced on September 14, 1993. On September 16, 1993, a mistrial was declared because the jury was unable to reach a unanimous verdict, and the case was scheduled to be tried again.
 
 
 7
 Subsequently, on September 20, 1993, defendant withdrew his not guilty pleas to the charges in the superseding information and entered pleas of nolo contendere to the charges in counts 1, 2, and 3.[2] At the change of plea hearing, the district court then proceeded to find defendant guilty of the charges in counts 1, 2, and 3 of the superseding information based upon the facts admitted by defendant's pleas of nolo contendere.
 
 
 8
 On October 13, 1993, defendant was sentenced to six months' imprisonment on each of counts 1, 2, and 3, with the sentences to be served concurrently. This timely appeal followed.
 
 II.
 A.
 
 9
 Defendant argues that insufficient evidence supports his convictions for failing to file income tax returns because he proved that he did not have taxable income or engage in taxable activity for calendar years 1983, 1984, and 1985. Defendant also argues that there is insufficient evidence to show that he acted willfully in failing to file tax returns for calendar years 1983, 1984, and 1985. Defendant also argues that the district court erred in failing to dismiss the information due to a Speedy Trial Act violation.
 
 
 10
 However, all of these arguments have been waived by virtue of defendant's pleas of nolo contendere. "[A] plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him." United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982) (citing United States v. Heller, 579 F.2d 990, 992 n. 1 (6th Cir.1978)). By pleading nolo contendere, a defendant admits every essential element of the offense which is well pleaded in the indictment or information. Id. at 25-26. Once a plea of nolo contendere is entered, no issue of fact exists in the case, and no issue of fact can exist while the nolo contendere plea remains of record. Heller, 579 F.2d at 998. "Convictions pursuant to a nolo [contendere] plea cannot be attacked on the merits, and can only be challenged by showing defects that affect the court's subject matter jurisdiction, or by showing that the indictment 'fails to charge an offense.' " United States v. Bessemer and Lake Erie R.R. Co., 717 F.2d 593, 597-98 (D.C.Cir.1983) (quoting Coleman v. Burnett, 477 F.2d 1187 1194, n. 20 (D.C.Cir.1973)). See United States v. Broome, 628 F.2d 403, 404-05 (5th Cir.1980) (per curiam) ("A defendant who enters ... a plea [of nolo contendere] is then limited to claiming that the indictment failed to state an offense, that the statute is unconstitutional or that the statute of limitations bars prosecution."). See also Ranke v. United States, 873 F.2d 1033, 1035 (7th Cir.1989) ("By pleading nolo contendere, [defendant] waived all defects in the information except lack of subject matter jurisdiction and failure to charge an offense.").
 
 
 11
 Thus, in this case, defendant's unconditional pleas of nolo contendere have waived his challenges to the sufficiency of the evidence as well as his claims that he did not have taxable income for calendar years 1983, 1984, and 1985. Each of the three counts in the superseding indictment alleged that defendant had gross income for calendar years 1983, 1984, and 1985, and that he willfully failed to file income tax returns for those calendar years. By pleading nolo contendere to an information which alleges such facts, defendant admitted those facts and cannot now challenge them on appeal. Defendant's argument that when the district court found him guilty based upon his pleas of nolo contendere, the district court found that he had not acted willfully has not only been waived, it is meritless. At the change of plea hearing, the district judge told defendant that he "gathered you felt strongly about [not paying income tax] and, while I don't know that I agree with your position, I commend you for that." J.A. 381. The defendant responded that based upon what the court had just said, "I think I've convinced the court that I really believe this." J.A. 381. The district judge responded that he "wouldn't proceed too far on that assumption." J.A. 381.
 
 
 12
 Subsequently, at sentencing the district court told defendant:
 
 
 13
 You said to me a few weeks ago that my remarks to you in a sense suggested that I really should find you not guilty because I found you to be a sincere individual who was convinced that he was right. And I think my response to you was I don't think I would take that hypothesis too far.
 
 
 14
 Any man or woman can hypnotize himself or herself into believing nearly anything one wants to. I don't think that your motivation in this case was one predicated upon some real view that you didn't have to file a tax return or in some manner pay your taxes.
 
 
 15
 * * *
 
 
 16
 Your expertise in this area is just what your attorney says. It's very good. It is also very misguided, and you are smart enough to know that.
 
 
 17
 So, when the suggestion was made that you were sincere, I would only say to you that in my view you spoke sincerely, but you're too smart I think to believe that what you said was what you really truly believe.
 
 
 18
 ............................................................
 
 
 19
 ....................
 
 
 20
 * * *
 
 
 21
 So, while you spoke sincerely and you spoke very well, sir, that's why I don't agree or believe that what you did was something that you earnestly, truly believed in.
 
 
 22
 J.A. 386-87. Accordingly, defendant's argument that the district court should have found him not guilty of the charges against him because the district court found that he sincerely believed that he did not have to pay income taxes is meritless. Furthermore, because the district court's statements to defendant show that the district court did not believe that defendant's statements that he did not believe he had to pay income tax were sincere, the district court was not required to acquit defendant. See United States v. Cheek, 498 U.S. 192, 203 (1991) (a defendant's belief that he had no duty to pay income tax need not be objectively reasonable in order to negate the government's burden to show awareness of the legal duty to file returns and pay income tax). However, because the district court found that defendant did not sincerely believe what he claimed to believe, namely, that he had no duty to file returns or pay income tax, the element of willfulness which defendant admitted in his pleas of nolo contendere was not negated in this case.
 
 
 23
 Further, "[t]he right to a speedy trial under the Speedy Trial Act is nonjurisdictional." United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam); Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir.1989); United States v. Yunis, 723 F.2d 795, 796 (11th Cir.1984). See also United States v. Bell, 966 F.2d 914, 915 (5th Cir.1992) ("In the Fifth Circuit, a speedy trial violation is a non-jurisdictional defect...."). Therefore, defendant's pleas of nolo contendere also waived his right to challenge any Speedy Trial Act violations since these are nonjurisdictional defects.
 
 B.
 
 24
 Defendant argues that the superseding information was defective because it failed to charge an offense; namely, it failed to state facts sufficient to constitute an offense. Specifically, he asserts that the information failed to "specify the statutes and/or regulations which allegedly imposed upon defendant the requirement to [make] and file ... income tax returns." Appellant's brief, p. 7. Defendant further asserts that the information failed to allege a statute or regulation which imposed an income tax on him.
 
 
 25
 An information is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables the defendant to plead either an acquittal or conviction as a bar to subsequent prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Kahl, 583 F.2d 1351, 1355 (5th Cir.1978). The elements of the offense of failing to file an income tax return under 26 U.S.C. Sec. 7203 "involve proof of failure to file and willfulness in doing so." United States v. Buckley, 586 F.2d 498, 503-04 (5th Cir.1978), cert. denied, 440 U.S. 982 (1979).
 
 
 26
 In Kahl, the Fifth Circuit faced an issue similar to that raised by defendant. The defendant in Kahl asserted that the information failed to charge a crime because it relied on 26 U.S.C. Sec. 7203, which prescribes penalties for failure to file an income tax return, but did not mention 26 U.S.C. Sec. 6012 which requires that a return be filed.[3] Kahl, 583 F.2d at 1355. The Fifth Circuit held that the requirements of Hamling were satisfied where the "information specifically alleged that the earnings of the accused were sufficient to require him to file a return and that he failed to do so." Id. Thus, the Fifth Circuit concluded that a citation to 26 U.S.C. Sec. 6012 was unnecessary because "the information stated all the elements of the offense and was sufficient to notify the defendant of the offense with which he was charged." Id.
 
 
 27
 In this case, each of the three counts in the superseding information alleged that defendant had gross income for the calendar year in question, that by reason of the gross income defendant was required by law to make a return for that calendar year, and that he willfully failed to file an income tax return for that calendar year. Further, each of the three counts in the superseding information states that defendant's actions were in violation of 26 U.S.C. Sec. 7203. Thus, just as in Kahl, each count of the information stated all of the elements of the offense with which defendant was charged and was sufficient to notify him of the offense with which he was charged. Therefore, the superseding information was sufficient to charge defendant with the crimes of failing to file a tax return for the calendar years 1983, 1984, and 1985.
 
 C.
 
 28
 Defendant also argues that the district court erred in not finding that it lacked jurisdiction over the case due to the failure of the government to comply with the Paperwork Reduction Act of 1980. The Paperwork Reduction Act of 1980, 44 U.S.C. Sec. 3504, et seq., "prohibits any federal agency from adopting regulations which impose paperwork requirements on the public unless the information is not available to the agency from another source within the Federal Government." Dole v. United Steelworkers of America, 494 U.S. 26, 32 (1990). Furthermore, the Paperwork Reduction Act provides:
 
 
 29
 Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director [of the Office of Management and Budget], or fails to state that such request is not subject to this chapter.
 
 
 30
 44 U.S.C. Sec. 3512.
 
 
 31
 In United States v. Wunder, 919 F.2d 34 (6th Cir.1990) (per curiam), the defendant was convicted of violating 26 U.S.C. Sec. 7203 for tax years 1979, 1980, and 1981, based upon his filing of blank tax returns for each of those years. Id. at 35. On appeal, the defendant challenged the effectiveness of his counsel, arguing that the "implications of the Paperwork Reduction Act of 1980 were never raised." Id. at 38. This court held, however, that the defendant was convicted of the violation of a statute, not a regulation, and the Paperwork Reduction Act did not apply to the statutory requirement to file a tax return, but only to the tax forms themselves.[4] Id.
 
 
 32
 Here, unlike the defendant in Wunder, defendant filed no income tax form. Thus, he was prosecuted solely for noncompliance with a statutory requirement and the Paperwork Reduction Act did not apply.
 
 
 33
 Further, the two cases relied on by defendant, namely, United States v. Hatch, 919 F.2d 1394 (9th Cir.1990), and United States v. Smith, 866 F.2d 1092 (9th Cir.1989), are inapposite. In both of these cases, defendants' convictions were reversed based upon the failure of the federal agency to comply with the Paperwork Reduction Act. In Hatch, the defendant was required by U.S. Forest Service Regulations, 36 C.F.R. Sec. 261.10(a), to file an operations plan. Hatch, 919 F.2d at 1395. However, the Forest Service regulations lacked the appropriate OMB control numbers. Id. at 1395-96. Likewise, the defendant in Smith was required to file an operations plan with the Forest Service pursuant to 36 C.F.R. Sec. 228.4. Smith, 866 F.2d at 1093. However, this Forest Service regulation also lacked an OMB control number. Id. at 1093-94. In this case, defendant was prosecuted for failing to comply with a statute passed by Congress, which did not require an OMB control number as did the agency regulations at issue in Smith and Hatch. Accordingly, defendant's assertion that the district court lacked subject matter jurisdiction pursuant to the Paperwork Reduction Act is meritless.
 
 III.
 
 34
 For the reasons stated, the district court's judgment is AFFIRMED.
 
 
 
 *
 Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Defendant also indicated that he wished to proceed without counsel at the arraignment; however, the district court did appoint an attorney as advisory counsel
 
 
 [2]
 Pursuant to Federal Rule of Criminal Procedure 11, the district court engaged in a colloquy with defendant to ensure that his pleas of nolo contendere were knowingly, intelligently, and voluntarily made
 At the change of plea hearing, defendant's counsel indicated that defendant wished, if possible, to preserve the right to appeal some of the issues which the district court had ruled upon up to that point in time. J.A. 376. However, although Rule 11 permits conditional pleas of nolo contendere, such conditional pleas must reserve in writing "the right ... to review of the adverse determination of any specified pretrial motion." Fed.R.Crim.P. 11(a)(2). Defendant's plea was made orally at the change of plea hearing and the record contains no written reservations of the right to review any adverse determination of the district court. Further, a conditional plea is contingent upon the consent of the government and the approval of the district court. United States v. Bell, 966 F.2d 914, 916 (5th Cir.1992). Here, the record is devoid of any consent by the government to a conditional plea. Therefore, defendant's pleas of nolo contendere are unconditional pleas.
 
 
 [3]
 26 U.S.C. Sec. 7203 states in relevant part:
 Any person required under this title ... or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to ... make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor....
 
 
 [4]
 The court in Wunder noted that the tax forms for calendar year 1981, the first year in which the Paperwork Reduction Act did apply, had the appropriate OMB control numbers. Given the importance of Internal Revenue tax forms to our government's method of raising revenue and the fact that the Internal Revenue Service immediately complied with the provisions of the Paperwork Reduction Act after they first became applicable, namely, to tax forms for calendar year 1981, it is highly unlikely that tax forms for any subsequent year would have lacked the appropriate OMB control numbers