37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louie LOMONACO, Defendant-Appellant.
 No. 94-10041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1994.*
Decided Sept. 21, 1994.
 
 1
 Before: FARRIS, BEEZER, Circuit Judges, and McLAUGHLIN, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Louie Lomonaco pleaded guilty to dealing in firearms without a license in violation of 18 U.S.C. Sec. 922(a)(1)(A). He argues that because the grand jury did not return his indictment in open court, the district court lacked jurisdiction. We dismiss his appeal.
 
 
 4
 Lomonaco's objections to the indictment raise questions of law, which we review de novo. United States v. Montilla, 870 F.2d 549, 551 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990).
 
 
 5
 The grand jury returned the indictment to a magistrate judge when the court was in closed session. Federal Rule of Criminal Procedure 6(f) states that "[t]he indictment shall be returned by the grand jury to a federal magistrate judge in open court" (emphasis added). Lomonaco argues that district court lacked jurisdiction because the failure to return the indictment in open court violated Rule 6(f), the Fifth Amendment's grand jury provision, and the Sixth Amendment's guarantee of a public trial. However, Lomonaco has waived his right to appellate review of any defects in the grand jury proceeding.
 
 
 6
 A knowing and voluntary "guilty plea generally waives all claims of constitutional violation occurring before the plea." United States v. Caperell, 938 F.2d 975, 977 (9th Cir.1991); United States v. Broce, 488 U.S. 563, 569 (1989). Courts allow an exception for "jurisdictional" claims, which challenge "the very power of the State to bring the defendant into court...." Blackledge v. Perry, 417 U.S. 21, 30 (1974). These claims include allegations that " 'the applicable statute is unconstitutional or that the indictment fails to state an offense.' " Montilla, 870 F.2d at 552 (quoting United States v. Broncheau, 597 F.2d 1260, 1262 n. 1 (9th Cir.), cert. denied, 444 U.S. 859 (1979)); Caperell, 938 F.2d at 977.
 
 
 7
 Although Lomonaco asserts that the district court lacked jurisdiction, he has not raised a true jurisdictional claim. He does not claim that section 922(a)(1)(A) is unconstitutional or that his indictment failed to state an offense that the government could constitutionally prosecute. Instead, he objects to a procedural defect in the entry of the indictment. See United States v. Lennick, 18 F.3d 814, 817 (9th Cir.1994) (failure to return grand jury indictment in open court in violation of Rule 6(f) is an error in the "grand jury indictment procedure"). Pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(f), defendants waive this type of claim unless they raise it before trial or entry of a guilty plea. United States v. Smith, 866 F.2d 1092, 1098 (9th Cir.1989).[1]
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Linda Hodge McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 12(b)(2) provides that "[d]efenses and objections based on defects in the indictment or information" may only be raised prior to trial. Rule 12(f) provides that "[f]ailure by a party to raise defenses or objections ... which must be made prior to trial ... shall constitute a waiver thereof."