103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Royal STOUT, Defendant-Appellant.
 No. 96-10132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner George Royal Stout appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his 1990 guilty plea conviction for methamphetamine manufacture in violation of 21 U.S.C. § 841(a)(1). Stout's conviction and sentence were affirmed in a prior direct appeal. Stout's motion contends that his indictment was defective because the prosecutor fraudulently misled the grand jury and failed to present exculpatory information. Stout argues the district court was therefore without subject matter jurisdiction to accept his guilty plea. We review de novo, United States v. Montilla, 870 F.2d 549, 551 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990), and affirm.
 
 
 3
 A knowing and voluntary "guilty plea generally waives all claims of constitutional violation occurring before the plea." United States v. Caperell, 938 F.2d 975, 977 (9th Cir.1991); United States v. Broce, 488 U.S. 563, 569 (1989). Courts allow an exception for "jurisdictional" claims, which challenge "the very power of the State to bring the defendant into court...." Blackledge v. Perry, 417 U.S. 21, 30 (1974). These claims include allegations evident from the face of the indictment that " 'the applicable statute is unconstitutional or that the indictment fails to state an offense.' " Montilla, 870 F.2d at 552 (quoting United States v. Broncheau, 597 F.2d 1260, 1262 n. 1 (9th Cir.), cert. denied, 444 U.S. 859 (1979)); Caperell, 938 F.2d at 977.
 
 
 4
 Although Stout asserts that the district court lacked jurisdiction, he has not raised a true jurisdictional claim. He does not claim that section 841(a)(1) is unconstitutional or that his indictment failed to state an offense that the government could constitutionally prosecute. Instead, he objects to the prosecutor's conduct in obtaining the indictment. Pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(f), defendants waive this type of claim unless they raise it before trial or entry of a guilty plea.[1] See United States v. Smith, 866 F.2d 1092, 1098 (9th Cir.1989).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 12(b)(2) provides that "[d]efenses and objections based on defects in the indictment or information" may only be raised prior to trial. Rule 12(f) provides that "[f]ailure by a party to raise defenses or objections ... which must be made prior to trial ... shall constitute a waiver thereof."
 
 
 [2]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal