**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen W. BENTSON, Defendant–**
**Appellant.**

**No. 90–10460.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 1991.

Decided Oct. 16, 1991.

William A. Cohan, Cohan & Greene, Encinitas, Cal., for defendant-appellant.

Edward Brookhart, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CHOY and SNEED, Circuit Judges, and KELLEHER,* District Judge.

* Honorable Robert J. Kelleher, District Judge for the Central District of California, sitting by des-

SNEED, Circuit Judge:

Stephen W. Bentson appeals his conviction for willful failure to file tax returns for the years 1983 and 1984. Bentson argues *inter alia* that the Internal Revenue Service's alleged failure to comply with the Paperwork Reduction Act (PRA) precludes his being penalized for failing to file a return, and that the charges against him must be dismissed because the IRS did not publish the 1040 tax return form as a rule in the Federal Register pursuant to the Administrative Procedure Act (APA). For reasons substantially the same as those given in our opinion today in *United States v. Hicks*, 947 F.2d 1356 (9th Cir.1991), we find Bentson's arguments meritless, and affirm the judgment below.

I.

FACTS AND PROCEEDINGS BELOW

For the tax year 1982, Bentson filed a so-called protest tax return, in which he refused to supply information other than his name, address, social security number, and signature. He filled the remaining blanks of his Form 1040 with asterisks, and stated in an attachment that any requirement that he supply additional information violated his constitutional rights under the Fifth Amendment. No tax returns have been located for Bentson for the tax years 1983 and 1984.

Bentson was charged with three counts of willful failure to file tax returns, one for each of the years 1982 through 1984, in violation of 26 U.S.C. § 7203. Bentson filed a timely pretrial motion for dismissal on the ground that the IRS violated the PRA by its failure to display Office of Management and Budget (OMB) control numbers on the instructions and regulations associated with tax return Form 1040. He also filed an untimely pretrial motion for dismissal on the ground that the IRS violated the APA by failing to publish Form 1040 and associated instructions in

ignation.

the Federal Register. The district court denied both motions.

A bench trial was held. After the close of the government's case in chief, Bentson moved for judgment of acquittal, relying on this court's initial decision in *United States v. Kimball*, 896 F.2d 1218, *vacated*, 925 F.2d 356 (9th Cir.1991) (en banc). The trial court granted Bentson's motion as to the first count only. Ultimately, the court found Bentson guilty on the other two counts, and sentenced him to eight months' incarceration followed by three years' probation, along with a $2000 fine.

Bentson filed a post-trial motion for a judgment of acquittal, arguing that the government had failed to offer evidence sufficient to prove beyond a reasonable doubt that he did not file protest returns for 1983 and 1984. His theory was that under the *Kimball* rule, if protest returns had indeed been filed, he could not be convicted under 26 U.S.C. § 7203. The district court denied the motion.

On appeal, Bentson renews his PRA and APA arguments, asserting that the judgment against him should be reversed as a matter of law. In his opening appellate brief, Bentson also renewed his contention that the government failed to prove he did not file protest returns for 1983 and 1984. After the brief was submitted, this court, sitting en banc, reheard the *Kimball* case and reversed its decision therein. 925 F.2d 356 (9th Cir.1991). In his reply brief, Bentson has altered his stance. He now asserts that the government failed to prove that he did not file valid returns for 1983 and 1984.

## II.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. With respect to his APA and PRA arguments, Bentson raises only issues of law, which we review de novo, *see United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). With respect to the government's alleged failure of proof, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Marchini*, 797 F.2d 759, 766 (9th Cir.1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1288, 94 L.Ed.2d 145 (1987).

## III.

## ANALYSIS

### A. *Form 1040: Compliance with the Paperwork Reduction Act*

■ Bentson argues that the IRS failed to comply with the PRA in that it failed to obtain OMB control numbers for the regulations and instructions associated with tax return Form 1040. In support he cites the decisions of this court in *United States v. Hatch*, 919 F.2d 1394 (9th Cir.1990), and *United States v. Smith*, 866 F.2d 1092 (9th Cir.1989).

In today's decision in *United States v. Hicks*, 947 F.2d 1356 (9th Cir.1991), we held that the public protection provision of the PRA, 44 U.S.C. § 3512, constitutes no defense to prosecution under 26 U.S.C. § 7203. Bentson's PRA argument is essentially the same as the argument we rejected in *Hicks*, and we find no merit in it. Bentson points to dicta in *United States v. Collins*, 920 F.2d 619, 630–31, nn. 12–13 (10th Cir.1990), that suggest that persons charged with criminal violations of the Internal Revenue Code might in some circumstances legitimately raise a PRA defense. For reasons given in *Hicks*, we believe that the PRA was not intended to provide such a defense, and therefore we disagree with the *Collins* court's dicta.

### B. *Form 1040: Compliance with the Administrative Procedure Act*

■ Bentson argues that Form 1040 and its instructions constitute a "rule" for purposes of the APA and therefore must be published in the Federal Register. Without publication, he argues, the statute providing for penalties for willful failure to file a tax return, 26 U.S.C. § 7203, has no

legal effect, and he cannot be prosecuted under it.

The district court denied Bentson's motion for dismissal based on the APA as untimely. Whether or not it was untimely, the legal theory on which the motion was based has no merit. *Hicks, supra.*

### C. *Failure of Proof*

Bentson asserts in his reply brief that the government failed to offer evidence sufficient to prove that he did not file valid tax returns for 1983 and 1984. Legal issues raised for the first time in reply briefs are waived. *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990). However, even assuming that Bentson's new theory raises no new legal issue, we reject it, because we find that Bentson made a binding judicial admission to the contrary.

In his closing statement before the district court, Bentson's counsel said:

> The defense is not suggesting that returns were filed for 1983 and '84, which the Internal Revenue Service would consider to be valid documents. The defendant submits rather that the government's evidence fails to show that protest documents were not filed for 1983 and 1984.

Our review of Bentson's closing statement convinces us that the language quoted above was a straightforward judicial admission, not merely a concession for the sake of argument. It was a binding concession that Bentson did not file valid returns for the years 1983 and 1984. *See United States v. Wilmer,* 799 F.2d 495, 502 (9th Cir.1986) (attorney's statement during oral argument constitutes judicial admission), *cert. denied,* 481 U.S. 1004, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987); *Magallanes–Damian v. INS,* 783 F.2d 931, 934 (9th Cir.1986) (deportation case) (absent egregious circumstances, parties are generally bound by admission of attorney); 9 John Henry Wigmore, *Evidence* §§ 2588, 2594 (James H. Chadbourn rev., 1981) (oral judicial admission is binding). A judicial admission is binding before both the trial and appellate courts. *American Title Ins. Co.*

*v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir.1988). Having stated in open court that he was not claiming that he filed valid tax returns, Bentson may not now claim that the government failed to prove he did not file valid tax returns.

AFFIRMED.