956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd W. BEAM; Elaine M. Beam, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
Margaret E. WARDEN, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 Nos. 90-70602, 90-70666.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1992.*
Decided March 9, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Floyd and Elaine Beam and Margaret Warden (collectively "taxpayers") appeal the tax court's decision that they were liable for the additions to tax determined by the Commissioner of Internal Revenue ("Commissioner") for failure to file income tax returns, 26 U.S.C. § 6651(a),[1] for failure to pay income tax, 26 U.S.C. § 6653(a)(1) and (a)(2), and for failure to pay estimated tax, 26 U.S.C. § 6654. We have jurisdiction under 26 U.S.C. § 7482, Internal Revenue Code of 1986, and we affirm.
 
 
 3
 On appeal, taxpayers do not challenge the additions to tax, or the determination of the actual amounts of penalties owed. Rather, taxpayers contend they are not liable for the additions to tax determined by the Commissioner on the ground that the Form 1040, the federal individual income tax return, does not conform with the requirements set forth in the Paperwork Reduction Act of 1980, 44 U.S.C. §§ 3501-3520 ("Act"). Specifically, taxpayers argue that they are not liable for the penalties because the Form 1040 does not display a valid Office of Management and Budget ("OMB") control number, and therefore, it does not comply with the Act. Taxpayers raise only questions of law, which this court reviews de novo. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 4
 We need not decide in this case whether the Form 1040 displayed a valid OMB control number. This circuit recently decided that even if the Internal Revenue Service ("IRS") failed to comply with the Act, that did not preclude the taxpayer from being penalized for failing to file a tax return. United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir.1991); accord United States v. Bentson, 947 F.2d 1353 (9th Cir.1991).
 
 
 5
 The taxpayer in Hicks, like the taxpayers here, argued that the IRS's failure to comply with the Act with respect to Form 1040 and the instruction booklet, would bar the imposition of fines for taxpayer's violations of the Internal Revenue Code ("IRC"). Id. Although the court in Hicks specifically held that the public protection provision of the Act, 44 U.S.C. § 3512, constituted no defense to prosecution under 26 U.S.C. § 7203, id. at 1359-60, we conclude the reasoning applies equally to this case. In enacting the IRC, Congress set forth "explicit statutory requirements that the citizen provide information." Id. at 1359. Further, Congress provided statutory penalties in the event a citizen should fail to comply with its legislative command. Id. Taxpayers in this case, as in Hicks, cannot escape the penalties for failure to follow the requirements set forth by Congress in the IRC by attempting to invoke the protections of an agency regulation.
 
 
 6
 The tax court's determinations that Floyd and Elaine Beam and Margaret Warden were liable for the Commissioner's additions to tax pursuant to 26 U.S.C. §§ 6651(a), 6653(a)(1) and (a)(2), and 6654 are affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue