962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd Joseph LUCIA, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70492.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 7, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Floyd Joseph Lucia appeals pro se the tax court's determination of income tax deficiencies and additions to tax for tax years 1977 through 1983. We have jurisdiction pursuant to 26 U.S.C. § 7482 and affirm.
 
 
 3
 * Merits
 
 
 4
 On appeal, Lucia does not challenge the amount of the tax deficiency or the determination of any additions to tax or penalties. Instead, Lucia contends that he is not required to file a Form 1040 federal income tax return because it does not comply with the requirements of the Paperwork Reduction Act of 1980, 44 U.S.C. §§ 3501-3520 ("PRA"). Specifically, Lucia argues that the Form 1040 displays the wrong Office of Management and Budget ("OMB") control number. We need not, however, inquire into this claim because this circuit has previously held that any failure by the Internal Revenue Service ("IRS") to comply with the OMB control number requirements of the PRA do not preclude the IRS from determining and assessing a federal income tax liability, including additions to tax and penalties against a taxpayer. See United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir.1991); United States v. Bentson, 947 F.2d 1353, 1355 (9th Cir.1991).
 
 
 5
 Accordingly, we affirm the tax court's determination of income tax deficiencies and additions to tax.
 
 II
 Appellate Sanctions
 
 6
 The CIR requests sanctions against Lucia for bringing this appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). Lucia's claims are wholly without merit. Accordingly, we impose $1,000 damages as a sanction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3