42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victorio VARGAS-SANDOVAL, Defendant-Appellant.
 No. 94-50260.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victorio Vargas-Sandoval appeals his conviction, following a jury trial, for importation of heroin and possession of heroin with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1), 952, and 960. Vargas-Sandoval contends that (1) the district court erred by admitting evidence regarding the value of the heroin, and (2) insufficient evidence supported his conviction. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The evidence presented at trial showed that Vargas-Sandoval passed through the primary inspection area at the San Ysidro, California entry port, but Customs Inspector Rodney Evans stopped him in the secondary inspection area. Evans and other inspectors found 3.6 grams of 20% pure heroin in Vargas-Sandoval's sock and 267.2 grams inside the soles of his shoes.
 
 
 4
 Vargas-Sandoval contends that the district court erred by admitting Drug Enforcement Special Agent Frank Amivizca's expert testimony regarding the wholesale and street value of the heroin because the testimony was not relevant to show knowledge. This contention lacks merit.
 
 
 5
 We review de novo the district court's determination whether evidence is relevant. United States v. Thompson, No. 93-50537, slip op. 11089, 11094 (9th Cir. Sept. 14, 1994). "[I]rrelevant evidence cannot be admitted." United States v. Dunn, 946 F.2d 615, 617 (9th Cir.) (citing Fed.R.Evid. 402), cert. denied, 112 S.Ct. 401 (1991). Relevant evidence is evidence that tends to prove or disprove an element of the crime. Fed.R.Evid. 401; see Thompson, slip op. at 11095-97. Evidence of "the price, quantity and quality" of drugs found in the possession of a defendant is "highly relevant" to show knowledge and intent to distribute. United States v. Sanchez-Lopez, 879 F.2d 541, 555 (9th Cir.1989).
 
 
 6
 Vargas-Sandoval's defense was that he carried the heroin in his sock for personal use but did not know about the larger amount of heroin in his shoes. The evidence of the value of the drug was relevant to show that Vargas-Sandoval knew about the larger amount and intended to distribute it, on the theory that a smuggler would not likely entrust such a valuable package to an ignorant courier. See id. As Vargas-Sanchez argues, the evidence also supports the inference that he was unaware of the contents of his shoes, because a smuggler would fear the theft of a valuable package. Nonetheless, the district court did not err by admitting the expert testimony regarding the value of the heroin. See id.
 
 
 7
 Vargas-Sandoval also contends that there was insufficient evidence to support his conviction for importing heroin because the government did not establish that he entered the United States. During closing argument, however, defense counsel conceded that Vargas-Sandoval imported the heroin in his sock. This binding judicial admission precludes his argument on appeal. See United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991), cert. denied, 112 S.Ct. 2310 (1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3