101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David TRUJILLO, Defendant-Appellant.
 No. 95-50457.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 13, 1996.
 
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Trujillo appeals from his conviction on two counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Trujillo first argues the district court erred by refusing to allow his counsel to refresh a government witness's memory with a defense investigator's notes. Counsel sought to impeach Troy Nasco, a witness who identified Trujillo as the robber in one robbery. During cross-examination, Nasco testified he never told anyone that the robber was wearing a hat. The district court prohibited defense counsel from refreshing Nasco's memory with the investigator's notes which stated that Nasco had said the robber was wearing a hat.
 
 
 4
 We conclude that the evidentiary error, if any, likely did not affect the verdict; thus, it was harmless. United States v. Yin, 935 F.2d 990, 994 (9th Cir.1991), cert. denied, 114 S.Ct. 1549 (1994). The jury heard the evidence anyway because the investigator testified that Nasco told him the robber had a hat on as the robber walked into the bank. Further, there was strong evidence corroborating Nasco's identification of Trujillo as the robber. The teller at the bank identified Trujillo as the robber. Also, the prosecution presented testimony that an address book dropped by the robber belonged to Trujillo and his fingerprints were found on the address book. Whether Nasco stated the robber was wearing a hat is an insignificant detail, not critical to impeaching Nasco's credibility or identification of Trujillo.
 
 
 5
 Trujillo next argues that the prosecutor, during her rebuttal argument, improperly vouched for Nasco's credibility by stating "I don't think he was lying." The district court overruled an objection to this argument and failed to give a contemporaneous curative instruction. The government concedes this was error, but argues, and we conclude, the error was harmless. See United States v. West, 680 F.2d 652, 657 (9th Cir.1982); United States v. Necoechea, 986 F.2d 1273, 1278 (9th Cir.1993).
 
 
 6
 By her statement, the prosecutor did not imply that the government had means to ensure the veracity of his testimony. The prosecutor's statements simply urged the jury to find Nasco's testimony credible, but did not represent a "meaningful personal assurance" that Nasco was credible. See United States v. Williams, 989 F.2d 1061, 1072 (9th Cir.1993). Also, although Nasco's testimony was important to identifying Trujillo as the robber and identification was a key contested issue, his testimony was corroborated. Finally, the district court instructed the jury that they should determine the credibility of the witnesses who made identifications of Trujillo and, on two occasions, instructed the jury that counsels' arguments were not evidence. The statement likely did not affect the verdict.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Trujillo waived his argument that the cumulative effect of the errors warrants a reversal because he raised this argument for the first time in his reply brief. United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991), cert. denied, 504 U.S. 958 (1992). In any event, the argument is meritless