UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricardo CEDENO–RANGEL,
Defendant–Appellant.

No. 01–50634.

D.C. No. CR–01–01998–MJL.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

Before FERNANDEZ, THOMAS and
WARDLAW, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**584**

MEMORANDUM **

Ricardo Cedeno–Rangel appeals his conviction and 12–month and 1–day prison sentence imposed following his guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cedeno–Rangel contends that 21 U.S.C. §§ 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002) (§ 960), and *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952) foreclose this argument.

In the alternative, Cedeno–Rangel contends that the government was required to allege in the indictment that Cedeno–Rangel knew the type and quantity of controlled substance he was alleged to have imported. Cedeno–Rangel raised this argument for the first time in his reply brief. Accordingly, we will not review the claim. *See United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir.1991). Moreover, even if the issue were properly before us, we would still affirm the district court. *See United States v. Carranza*, 289 F.3d 634, 643 (9th Cir.2002) (holding that *Apprendi* does not require the government to prove that defendant knew type and amount of controlled substance).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).