**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David VERDUZCO–HIGUERA,**
**Defendant–Appellant.**

No. 01–50627.

D.C. No. CR–01–01697–JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 13, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM**

David Verduzco–Higuera appeals his conviction and 27–month prison sentence imposed following his guilty plea to importation of cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Verduzco–Higuera contends that 21 U.S.C. §§ 841, 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Buckland,* 289 F.3d 558, 564 (9th Cir.2002), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, —— L.Ed.2d —— (2002) (§ 841); *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.2002) (§ 960), and *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952) foreclose this argument.

In the alternative, Verduzco–Higuera contends that the government was required to allege in the indictment that Verduzco–Higuera knew the type and quantity of controlled substance he was alleged to have imported. Verduzco–Higuera raised this argument for the first time in his reply brief. Accordingly, we will not review the claim. *See United States v. Bentson,* 947 F.2d 1353, 1356 (9th Cir. 1991). Moreover, even if the issue were properly before us, we would still affirm the district court. *See United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002) (holding that *Apprendi* does not require the government to prove that defendant knew type and amount of controlled substance).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.