**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Israel VASQUEZ–ORTEGA,**
**Defendant—Appellant.**

**No. 01–30234.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 16, 2002.

---

Before: SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM**

Israel Vasquez–Ortega appeals his conviction following a guilty plea for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Vasquez–Ortega challenges the district court's denial of his motion to suppress evidence seized during a warrantless search of a room he rented in the trailer of April Barajas. The district court denied the motion to suppress finding that Barajas freely consented to the search of Vasquez–Ortega's room. Vasquez–Ortega contends that the district court erred because Barajas lacked authority to consent to a search of his room. We review de novo, *United States v. Kim*, 105 F.3d 1579, 1581–82 (9th Cir.1997), and find Vasquez–Ortega's contention unpersuasive.

Because Vasquez–Ortega explicitly and repeatedly told officers that he did not live, stay or have a room in the trailer, it was not objectively unreasonable for officers to believe that Barajas had apparent authority to consent to the search Vasquez–Ortega's room. *See United States v. Reid*, 226

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 1020, 1025 (9th Cir.2000). Accordingly, the district court did not err by denying the motion to suppress. *See id.*

Vasquez–Ortega also contends that the district court erred by failing to suppress pre-arrest statements allegedly obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We review de novo, *United States v. Cormier,* 220 F.3d 1103, 1110 (9th Cir. 2000), and conclude that the district court properly admitted Vasquez–Ortega's pre-arrest statements because he was not in custody when he made those statements, *see Florida v. Bostick,* 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (explaining that an individual is not seized when officers merely question him or ask for identification, so long as officers do not convey the message that compliance is required).

We decline to consider Vasquez–Oretega's contentions concerning the post-arrest search of his dresser because he raises them for the first time in his reply brief. *See United States v. Bentson,* 947 F.2d 1353, 1356 (9th Cir.1991).

Vasquez–Ortega's request to file a supplemental brief is denied.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.