UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Guadalupe INDA–PARRA,
Defendant—Appellant.

No. 01–30064.
D.C. No. CR–99–30032–AA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Sept. 12, 2002.

Before GOODWIN, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

Following a jury trial, Jose Inda–Parra ("Inda–Parra") was convicted of one count of conspiracy to distribute methamphetamine, three counts of distribution of methamphetamine, and one count of possession with intent to distribute methamphetamine.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## I. Search warrant affidavit

■ Inda–Parra contends that the search warrant affidavit for 3664 Flint Street did not establish probable cause because it contained misstatements and omissions about the informant Carlos Hernandez ("Hernandez"). To suppress the evidence, Inda–Parra must first show that the affiant intentionally or recklessly made false statements in the search warrant affidavit. *Franks v. Delaware*, 438 U.S. 154, 155, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Inda–Parra has offered no evidence that the government intentionally omitted details of Hernandez's criminal history, or recklessly left out information about the missing methamphetamine seized on April 2, 1999. Meanwhile, ample evidence supports the district court's findings that the omissions were neither intentional nor reckless. There was no error in denying the motion to suppress on these two grounds.

Inda–Parra next contends that the affidavit failed to mention various payments the Drug Enforcement Agency ("DEA") made to Hernandez. Inda–Parra contends that the information, if included, would have undermined Hernandez's reliability. An informant's reliability may be established by corroborating details or by the surrounding circumstances. *United States v. Tarazon*, 989 F.2d 1045, 1049 (9th Cir. 1993); *United States v. Klein*, 860 F.2d 1489, 1493 (9th Cir.1988), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000). Hernandez had been working with the DEA since September 1998, and had made five controlled drug purchases from the subjects in the affidavit. DEA surveillance of the drug transactions, including observations from a number of DEA agents, corroborated Hernandez's information. On most occasions when Hernandez said he had set up a sale, he successfully concluded the purchase and turned over the quantity of methamphetamine he said he was buying. These facts support the district court's conclusion that Hernandez, although subsequently discredited, had been reliable with respect to this investigation. *See Klein*, 860 F.2d at 1492.

Third, Inda–Parra contends that Detective Johnson omitted in the affidavit that six of the seven drug recording transcripts he had reviewed were not connected with Inda–Parra. This issue was not specifically raised in the motion to suppress, and thus is not before us on appeal. *United States v. Restrepo–Rua*, 815 F.2d 1327, 1328 (9th Cir.1987).

■ Fourth, Inda–Parra contends that his apartment manager Debra Sexton ("Sexton") acted as a government agent when she and Detective Mogle inspected the house at 3664 Flint Street. However, the district court found that Sexton was conducting the search, not to help Detective Mogle with his criminal investigation, but to inspect the property after receiving a complaint that individuals not listed in the rental agreement were living there. She also testified that she would have gone to the house even if Mogle did not agree to accompany her. Once inside, Sexton did not look for evidence of drugs, but checked on the general condition of the house. Mogle later reported on what he had seen in plain view in rooms he had entered with Sexton. There was no evidence that he had entered any room without consent. Based on these facts, the district court did not clearly err in finding that Sexton was acting as to further her own ends. Accordingly, her entry did not implicate Inda–Parra's Fourth Amendment rights. *See United States v. Reed*, 15 F.3d 928, 931 (9th Cir.1994).

Finally, Inda–Parra contends in his reply brief that Detective Mogle's entry was illegal. Because this contention was not

made in the district court, it is not subject to review in this appeal. *United States v. Bentson,* 947 F.2d 1353, 1356 (9th Cir. 1991).

Because none of the assigned errors affected the probable cause determination, the district court properly denied Inda–Parra's motion to suppress.

## II. Motion for acquittal

Inda–Parra contends that there was insufficient evidence to support his convictions for distributing methamphetamine to Maria Stout ("Stout") (Count 6) and to informant Hernandez (Count 9). Although Stout was the only witness to testify that she received methamphetamine from Inda–Parra on March 1, 1999, the impeachment evidence against her did not so undermine her credibility as a witness that a verdict of acquittal should have been directed. *Lyda v. United States,* 321 F.2d 788, 795 (9th Cir.1963). As for Count 9, substantial evidence, including testimony from DEA agents, Inda–Parra's associates, and the methamphetamine seized at 3664 Flint Street, supports the verdict that Inda–Parra distributed methamphetamine to Hernandez. There was no error in denying the motion for acquittal on the two counts.

## III. Motion for new trial

Inda–Parra contends that, because the plastic bags recovered on April 16 were destroyed by DEA agents, the district court erred in admitting evidence that methamphetamine was found inside those bags. We reject Inda–Parra's contention because he has not established that the agents destroyed the bags in bad faith, nor has he identified how the destruction of the bags prejudiced his defense. *United*

---

*States v. Belden,* 957 F.2d 671, 674 (9th Cir.1992).

Inda–Parra raises other evidentiary issues that we do not review because they either were not raised in his motion for new trial or, if raised below, were not distinctly presented in his opening brief. *See Merkel v. Comm'r,* 192 F.3d 844, 852 n. 10 (9th Cir.1999); *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994).

AFFIRMED.