**METALMARK NORTHWEST, LLC, an Oregon limited liability company; Valley Bronze of Oregon, Inc., an Oregon corporation, Plaintiffs—Appellees,**

v.

**Laura Janelle STEWART; Stewart Springs, Ltd.; Highland Ornamental Iron Works, Inc., a Virginia corporation; Milestone Tarant, LLC, a District of Columbia limited liability company; Richard T. Ross; Superior Iron Works, Inc., a Virginia corporation, Defendants,**

and

**Christopher W. Stewart; F. Leith Boggess, Defendants— Appellants.**

No. 06–36008.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed Feb. 11, 2008.

Robert L. Aldisert, Stephanie K. Hines, Esq., Cody M. Weston, Esq., Perkins Coie, LLP, Portland, OR, for Plaintiffs–Appellees.

Douglas S. Parker, Esq., Richard G. Price, Esq., Kirkpatrick & Lockhart Preston Gates Ellis, LLP, David J. Hollander, Esq., Hollander Lebenbaum & Gannicott, Portland, OR, Kimberly A. Sordyl, Esq., Williams, Zografos & Peck, Lake Oswego, OR, Herman M. Braude, Esq., Braude & Margulies PC, Washington, DC, for Defendants–Appellants.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Christopher Stewart and F. Leith Boggess appeal the district court's denial of their motion for a post-verdict judgment in an action brought by Metalmark Northwest, LLC and Valley Bronze of Oregon, Inc. (collectively, Metalmark). We affirm.

Metalmark waived any argument that Boggess and Christopher Stewart acted out of improper purpose. Counsel expressly told the jury that "the purpose doesn't matter" and represented to the district court that Boggess's and Stewart's arguments regarding improper purpose were "irrelevant." *See United States v. Bentson,* 947 F.2d 1353, 1356 (9th Cir. 1991); *cf. United States v. James,* 987 F.2d 648, 651 (9th Cir.1993).

However, substantial evidence supports the jury's verdict that Boggess and Christopher Stewart interfered with Metalmark by improper means. The jury could reasonably conclude that Janelle Stewart had a fiduciary duty not to take Metalmark's interest in the Capitol Project for herself; that she took the project for herself through meetings with Bill White of Manhattan and by setting up a new partnership involving Highland, Milestone and Superior; that Boggess and Christopher Stewart knowingly and substantially assisted her in that breach by, among other things, working to set up and run the new partnership; and that the new partnership was able to complete work on the Capitol Project upon taking it from Metalmark. *See Granewich v. Harding,* 329 Or. 47, 985 P.2d 788, 793–94 (1999) (knowingly providing substantial assistance in the commission of a fiduciary breach contravenes Oregon common law); *Nw. Natural Gas Co. v. Chase Gardens, Inc.,* 328 Or. 487, 982 P.2d 1117 (1999) (means that violate a recog-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nized rule of common law are improper). The jury could reasonably find from the same evidence that Boggess and Christopher Stewart conspired to assist Janelle Stewart to this end, *Granewich,* 985 P.2d at 794, and that their efforts harmed Metalmark in the amount of $850,000. *See N. Pac. Lumber Co. v. Moore,* 275 Or. 359, 551 P.2d 431 (1976).

Nor was it manifest error for the district court to admit the expert testimony of Ronald Maus in light of Maus's qualifications, the potential assistance of Maus's testimony to the jury, and the preparation undertaken by Maus. Christopher Stewart and Boggess did not show Maus's testimony to be more prejudicial than probative. *Desrosiers v. Flight Int'l of Fla., Inc.,* 156 F.3d 952, 961 (9th Cir.1998).

AFFIRMED.