**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario Alberto SOLTERO–OLIVAS,
Defendant–Appellant.**

**No. 07–50558.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 17, 2008.*

Filed July 21, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Luella M. Caldito Fax, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Shaffy Moeel, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

**478**

## MEMORANDUM **

Defendant–Appellant Mario Alberto Soltero–Olivas was convicted of importation of marijuana under 21 U.S.C. §§ 952 and 960, and of possession of marijuana with intent to distribute under 21 U.S.C. § 841(a)(1). We affirm.

### I.

■ Soltero–Olivas contends that the district court abused its discretion under Federal Rule of Evidence 901(a) by allowing the government to use an unauthenticated vehicle registration document to establish his identity as the driver of the vehicle that contained the drugs. We disagree. Rule 901(a) "requires that the government make only a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *United States v. Chu Kong Yin,* 935 F.2d 990, 996 (9th Cir.1991) (citation and internal quotation marks omitted). Reasonable jurors could find from the testimony of Officer Jaime Paredes that the registration provides authentic identification of Soltero–Olivas.

### II.

■ Soltero–Olivas argues that the district court abused its discretion under Federal Rules of Evidence 401, 402, and 403 by permitting the government to use, as a confession of guilt, a transcript of a telephone conversation that contained vulgar language and did not specifically refer to any of the charged conduct. The argument is unpersuasive. Evidence is relevant if it "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed.R.Evid. 401. The transcript had at least some tendency to prove Soltero–Olivas's guilt because it was made only one month after his arrest and demonstrated his remorse over a recent incident. The district court did not abuse its discretion in concluding that the risk of unfair prejudice did not substantially outweigh the transcript's probative value. Fed.R.Evid. 403.

### III.

■ Soltero–Olivas next argues that the prosecutor engaged in misconduct by arguing during the government's closing rebuttal that the structure of drug-trafficking organizations supported a finding of knowledge. We disagree. A prosecutor typically cannot argue the modus operandi of such organizations where the defendant has not been charged with conspiracy to distribute drugs. *See, e.g., United States v. Vallejo,* 237 F.3d 1008, 1015–17 (9th Cir.2001). However, it was permissible for the prosecutor to do so in this case because Soltero–Olivas had previously discussed the topic in his own closing argument. *United States v. Garcia–Guizar,* 160 F.3d 511, 522 (9th Cir.1998) (quotation marks and citation omitted).

### IV.

■ Finally, Soltero–Olivas argues that he was entitled to acquittal under Federal Rule of Criminal Procedure 29 because the government failed to provide sufficient evidence that he was both the driver of the vehicle that contained the drugs and the individual who conversed with "Alejandra" in the recorded telephone conversation. A Rule 29 motion should be denied if, "after viewing the evidence in the light most

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bahena–Cardenas,* 70 F.3d 1071, 1072–73 (9th Cir.1995) (citation and quotation marks omitted). The district court correctly denied the motion. Soltero–Olivas repeatedly conceded at trial that he was the driver of the vehicle and that he participated in the recorded conversation. He is bound by those concessions. *United States v. Bentson,* 947 F.2d 1353, 1356 (9th Cir.1991). Additionally, both the vehicle registration and conversation transcript bore Soltero–Olivas's name. Viewing that evidence in the light most favorable to the government, rational jurors could find identity beyond a reasonable doubt.

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided

