**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JACK KEITH COOK, | No. 11-35465 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00358-MHW |
| v. | |
| BRENT REINKE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding

Argued and Submitted May 8, 2012
Seattle, Washington

Before: HAWKINS, BYBEE, and BEA, Circuit Judges.

Jack Keith Cook appeals the denial of his petition for habeas corpus relief.

We have jurisdiction under 28 U.S.C. § 2253, and our review is controlled by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cook argues that the Idaho Court of Appeals's decision affirming his conviction for committing "the infamous crime against nature," Idaho Code § 18-6605, is contrary to, and an unreasonable application of, the Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003), because he was punished for committing an act of private, consensual sex with an adult, "T.F." The Idaho Court of Appeals's decision is not contrary to *Lawrence*, however, because the court concluded that § 18-6605 cannot be used to criminalize sex occurring in private between consenting adults, the conduct protected by *Lawrence*. 539 U.S. at 578 (concluding that the government could not punish private sexual conduct between adults engaging in such activity "with full and mutual consent from each other"). Nor is the decision an unreasonable application of *Lawrence* because, under *Lawrence*, states may still criminalize nonconsensual or public sexual acts, and, as we explain below, the state court's determination that the encounter occurred in public survives AEDPA review. *See Anderson v. Morrow*, 371 F.3d 1027, 1032–33 (9th Cir. 2004) (interpreting *Lawrence* to protect "the right of two individuals to engage in fully and mutually consensual private sexual conduct").

Cook next challenges the Idaho Court of Appeals's factual determination that the encounter with T.F. occurred in a public place. Whether the encounter occurred in public or private is a mixed question of law and fact: the state court

concluded as a matter of law that the encounter occurred in public based on the factual determination that the conduct occurred "in the sauna of a local gym."

Cook cites no clearly established U.S. Supreme Court precedent on whether a gym or club should be considered private or public as a matter of federal constitutional law, and thus the Idaho court's legal conclusion survives AEDPA review. *See* 28 U.S.C. § 2254(d)(1). With regard to the factual findings, Cook admitted in briefing before the Idaho trial court that the encounter with T.F. occurred in the sauna of a gym. *See* Memo. in Support of Mot. to Dismiss at 2 ("This case has arisen from an encounter in a sauna."). That statement may be construed as a judicial admission, binding on Cook. *See Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 557 (9th Cir. 2003) ("We have discretion to consider a statement made in briefs to be a judicial admission . . . ."). Cook also referred to the location where the encounter occurred as a "private club" during the court's acceptance of his plea.[1] *See United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991) (determining that a statement contained in defendant's closing argument could be considered a judicial admission). Therefore, the Idaho Court of Appeals

---

[1]That Cook described the club as "private" does not determine for purposes of Idaho law whether the conduct was in public or private.

did not unreasonably determine that the encounter occurred in the sauna of a local gym, and thus in a public place.[2]

Finally, Cook argues that the Idaho Court of Appeals impermissibly found that the encounter occurred in a public place in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. However, Cook's statement during the plea colloquy that the encounter occurred in a "club" precludes *Apprendi* concerns. *See United States v. Booker*, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt." (emphasis added)); *United States v. Silva*, 247 F.3d 1051, 1059–60 (9th Cir. 2001) (holding that defendants waived their right to have a jury determine the quantity of drugs they had conspired to distribute by admitting to the amount in their plea agreement). Indeed, the Supreme Court has suggested that a court's reliance on a defendant's own admissions, as evidenced by a plea transcript, does not violate

---

[2]Cook also claims that the state court unreasonably concluded that T.F. lacked the capacity to, and did not, consent to the encounter. However, a showing that the act occurred in public is alone sufficient to eliminate constitutional concerns under *Lawrence*. Because we conclude that the state court did not unreasonably determine the facts when finding that the encounter occurred in public, we do not reach the issue of consent.

*Apprendi.  See Shepard v. United States*, 544 U.S. 13, 16 (2005) ("We hold that . . .

a later court determining the character of an admitted burglary is generally limited

to examining the statutory definition, charging document, written plea agreement,

*transcript of plea colloquy*, and any explicit factual finding by the trial judge to

which the defendant assented." (emphasis added)).  Because Cook admitted that

the encounter occurred in a "club" during the plea colloquy, the Idaho Court of

Appeals was within constitutional bounds to rely on that statement.

AFFIRMED.