NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2015

MOLLY C. DWYER, Cl
U.S. COURT OF APPE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RICKY DAVID HITSMAN,<br><br>AKA Rick David Hitsman,<br><br>Defendant-Appellant | No. 13-50521<br><br>D.C. No. 2:12-cr-00221-DSF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted July 6, 2015
Pasadena, California

Before: FERNANDEZ and CLIFTON, Circuit Judges, and MUELLER,[**] District
Judge.

Ricky David Hitsman was convicted of five violations of 18 U.S.C.

§ 2320(a) for trafficking in counterfeit Viagra. He appeals his conviction on five

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kimberly J. Mueller, District Judge for the U.S. District
Court for the Eastern District of California, sitting by designation.

grounds: (1) the evidence against him was constitutionally insufficient; (2) his prior recorded statements were improperly excluded as hearsay; (3) a photograph comparing real and fake Viagra pills was improperly admitted; (4) the government unconstitutionally exercised a peremptory strike to excuse a black juror; and (5) a government witness improperly testified Hitsman had invoked his right to counsel.

## I. Sufficiency of Evidence

Appellant challenges the sufficiency of the evidence showing that Hitsman sold counterfeit pills and knew those pills were counterfeit. Evidence is constitutionally sufficient if, viewed in the light most favorable to the prosecution, "*any* rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1163–65 (2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

First, although the government presented relatively weak evidence to establish a chain of custody between the pills Hitsman sold and the pills confirmed by lab testing to be counterfeit, viewed in the light most favorable to the government, this evidence was sufficient. Moreover, Hitsman's counsel conceded throughout trial and in closing argument that the pills were counterfeit. *See United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991).

Second, the evidence was sufficient to show Hitsman knew the mark on the pills was counterfeit based on his recorded statements played to the jury, the photograph comparing genuine pills with the pills Hitsman sold, in-person demonstrations at trial comparing genuine pills and the pills Hitsman sold, and other evidence presented at trial.

## II. Hearsay

A district court's constructions of the hearsay rules are reviewed de novo, and decisions to admit or exclude evidence under those rules are reviewed for abuse of discretion. *United States v. Morales*, 720 F.3d 1194, 1199 (9th Cir. 2013). The district court correctly concluded that each of Hitsman's excluded statements was hearsay because Hitsman intended to introduce each as evidence of his stated belief, and either (1) the statement's relevance for that purpose depended on whether he had truthfully stated his belief; or (2) the statement evidenced his belief only if its component factual assertions were true. *See* Fed. R. Evid. 801, 802.

Despite their status as hearsay, Hitsman intended to offer some of his statements as evidence of his false belief, not of the truth of any underlying factual assertion. *See* Fed. R. Evid. 803(3). For example, he sought to introduce his prior statement that authentic drugs were coming out "the back door" of a Pfizer factory. Nevertheless, any district court error in failing to recognize the hearsay exception

was harmless. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997). The government introduced some of the same and several equivalent statements, which the district court properly admitted. Other evidence of Hitsman's guilt was strong.

### III. Admission of a Comparison Photograph

The district court admitted a photograph comparing two authentic and two counterfeit Viagra pills. Decisions to admit evidence are reviewed for abuse of discretion. *Morales*, 720 F.3d at 1199. The district court did not abuse its discretion in admitting the photograph. It was introduced after testimony by the photographer, who described where he obtained the pills and how and when he took the picture. Hitsman has only speculated regarding the potential for distortion.

### IV. Discriminatory Peremptory Strike

The Equal Protection Clause prohibits prosecutors from intentionally striking a potential juror on the basis of race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). To challenge a peremptory strike under *Batson*, the defendant must first make out a prima facie case of discrimination. *Id.* at 96–97. Second, if the defendant satisfies his burden at the first step, the government must put forward a neutral explanation for its decision to strike. *Id.* at 97–98. Third, the trial court

must determine whether the defendant has proven purposeful discrimination. *Id.* at 98.

Here, Hitsman objected after the government struck Juror No. 4, who was black. The premise of the objection as stated by defense counsel was that Juror No. 4 was the only black member of the panel, "leaving the jury with not a single African American member." That was, in fact, not the case. The district court noted that there was at least one other African American member of the panel. The district court concluded Hitsman had not made out a prima facie case of purposeful discrimination, but still invited the prosecutor to explain. The district court then denied the challenge without explanation. This court's precedent suggests that once a prosecutor explains a challenged strike, the district court must proceed to step three of *Batson*, "evaluate meaningfully the persuasiveness" of the prosecutor's explanation, and create "a clear record" of its "deliberate decision on the ultimate question of purposeful discrimination." *United States v. Alanis*, 335 F.3d 965, 968–69 & n.2 (9th Cir. 2003). The district court's step-three decision is typically reviewed for clear error. *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008). Here, because the district court did not explain on the record its reasons for denying the challenge, this court has nothing to which it can defer. *See id.* at 479; *Alanis*, 335 F.3d at 969 & n.3.

Under these circumstances, applying a de novo standard of review, the record on appeal shows the prosecutor's explanation was race neutral and not pretext for racial discrimination. The prosecutor explained Juror No. 4 had attended the last day of her brother's trial, at which he was convicted of a drug offense, had indicated she was emotionally affected by the conviction, and had a cousin who was involved in a gun crime, who was also serving a custodial sentence. Only Juror No. 4 described attending a family member's trial. Juror No. 4 was one of two jurors who requested to discuss charges and convictions at the sidebar, and the government struck both. Although Juror No. 4 did not say she was emotionally affected, her request to discuss the matter privately was consistent with an indication of emotion.

## V. Invocation of the Right to Counsel

The government may not impeach a criminal defendant with his decision to remain silent, *Doyle v. Ohio*, 426 U.S. 610, 619 (1976), or to hire a lawyer, *United States v. Kallin*, 50 F.3d 689, 693 (9th Cir. 1995). During cross examination, one of the government's witnesses responded to a question by saying Hitsman had "lawyered up" and "seeked [sic] counsel." The district court promptly allowed a sidebar at defense counsel's request, and the court denied a motion for mistrial. The line of questioning ceased, and no one mentioned the answer again until the next morning, when the district court firmly instructed the jury not to consider it.

If the witness's statement violated the rule of *Doyle*, the error was harmless. *See United States v. Newman*, 943 F.2d 1155, 1158 (9th Cir. 1991). The circumstances suggest the statement was not calculated to imply Hitsman's guilt. Although the district court's curative instruction came the next morning, neither party stressed the statement or suggested Hitsman's guilt could or should be inferred from it, and the statement was very brief.

## VI. Conclusion

Given the nature of any errors, as discussed above, the cumulative effect was not prejudicial. *See United States v. Ruiz*, 710 F.3d 1077, 1080 n.1 (9th Cir.) (noting isolated errors do not justify reversal), *cert. denied*, 134 S. Ct. 488 (2013).

AFFIRMED.