**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>ELIAZAR RUIZ SANCHEZ, AKA Seal FF,<br><br>    Defendant - Appellant. | No. 14-50223<br><br>D.C. No. 2:07-cr-01080-DSF-32<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 8, 2016**
Pasadena, California

Before: CLIFTON and IKUTA, Circuit Judges and BLOCK,*** Senior District Judge.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Eliazar Ruiz Sanchez appeals from his conviction for possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). He also challenges the district court's enhancement of his sentence under 21 U.S.C. § 851. We have jurisdiction under 28 U.S.C. § 1291.

Viewing the evidence in the light most favorable to the prosecution, *see United States v. Arriaga-Segura*, 743 F.2d 1434, 1435 (9th Cir. 1984), a rational juror could have concluded, beyond a reasonable doubt, that the brown bag Sanchez threw over a fence contained the methamphetamine introduced as evidence at trial. Moreover, Sanchez's counsel stated in closing arguments that the methamphetamine presented at trial was the same as that found in the brown bag, and that judicial admission is binding on appeal. *See United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991).

The district court did not err in concluding that the documents submitted by the government in support of its § 851 information proved beyond a reasonable doubt that Sanchez had been convicted of possession of cocaine base for sale in violation of section 11351.5 of the California Health and Safety Code. The government had no obligation under § 851(a)(1) to submit an abstract of judgment in order to meet its burden of proof. Further, Sanchez's counsel acknowledged that

Sanchez had been convicted for possession of cocaine base for sale, an admission that is binding on appeal. *Bentson*, 947 F.2d at 1356.

Because we have previously held that section 11351 of the California Health and Safety Code is divisible under *Descamps v. United States*, 133 S. Ct. 2276 (2013), and that an abstract of judgment need not contain the words "as charged in the information (or indictment)" in order to establish the offense of conviction under the modified categorical approach, *see United States v. Torre-Jimenez*, 771 F.3d 1163, 1168–69 (9th Cir. 2014), we reject Sanchez's arguments to the contrary.

**AFFIRMED.**